## Doggett, Appellant, *v.* Feitig.

*Equity—Sales of real estate—Fraud—Necessity of proving loss.*

A party having made an agreement to purchase certain real estate, wherein it was provided that he might sell any or all of the properties before final settlement, and that he should have the benefit of the increased price on any property which he might sell, informed a prospective investor, who was ignorant of his

interest in the transaction, that the properties which he had purchased were for sale and introduced him to the agent of the holder of the legal title. The properties were conveyed to such investor at an advance of $7,322.09 over the purchase-price previously agreed upon between the legal owner and his first vendee, and such vendee retained a part of the profit. In a suit in equity by the grantee of the land to recover from the prior vendee the profit which he had realized from the transaction, the grantee did not offer to reconvey, and it appeared that a reconveyance was impossible. No facts were averred from which the loss, if any, could be ascertained. The lower court decided that as a reconveyance was impossible and as the loss, if any, could not be ascertained, the bill should be dismissed. *Held,* no error.

Argued Feb. 8, 1915. Appeal, No. 57, Jan. T., 1914, by plaintiff, from decree of C. P. Delaware Co., in equity, Sept. T., 1911, No. 239, dismissing bill in equity for an accounting in case of Stanley Doggett v. Henry G. Feitig and Gertrude O. Feitig and Eugenie Hamel. Before BROWN, C. J., POTTER, ELKIN, STEWART and FRAZER, JJ. Affirmed.

Bill in equity for an accounting.

The facts appear in the opinion of the Supreme Court and in the following opinion of BROOMALL, J., dismissing exceptions to the findings of fact and conclusions of law of the trial judge:

"This contention in its last analysis comes to this:

"Feitig owned certain property, which was costing a certain amount. He represented to Doggett that Fry was the owner and induced Doggett to buy from Fry at a price in excess of what it was costing Feitig, and Feitig pocketed the difference. If Feitig had communicated to Doggett that he was the owner, what would it have been open for Doggett to do? He could have either refused to buy at all, or he could have proceeded to buy from Fry as he did. There was no relation between Feitig or any one and him which the communication would have enabled him to assert. The most that he can ask is that he now have the opportunity of deciding

whether he buy at all.   If he decides not to buy, then he must return the property and receive back the money he has paid.   This he declines to do, and, therefore, we do not have the information necessary to make a decree in his favor."

The court dismissed the bill.   Plaintiff appealed.

*Error assigned,* among others, was the decree of the court.

*V. Gilpin Robinson,* for appellant.

*Albert J. Williams,* for appellee.

OPINION BY MR. CHIEF JUSTICE BROWN, May 17, 1915:

On March 1, 1906, Henry G. Feitig entered into an agreement with John L. Fry for the purchase of seven properties in the City of Philadelphia.   On April 2d of the same year he entered into a second agreement with Fry for the purchase of nine other properties situated in the said city.   These agreements provided that Feitig was to have the privilege of selling any or all of the properties at any time before he was required to make final settlement, and was to have the benefit of any increased price at which he might sell.   The agreement further provided that, in the event of his making any sale, title was to be made directly by Fry to the purchaser.   Stanley Doggett, the appellant, and Feitig are brothers-in-law.   Doggett learned from Feitig that he had been successful in real estate operations and requested information from him as to opportunities for speculation which might come to his notice.   Without communicating to Doggett the fact that he had entered into contracts for the purchase of the sixteen properties from Fry, Feitig recommended Doggett to purchase them.   He was introduced by Feitig to the agent of Fry, with whom negotiations for the purchase of fourteen of the properties were carried on, culminating in two con-

tracts, one dated April 10, 1906, and the other May 23, 1906. By the terms of these contracts Doggett agreed to pay $7,322.09 more for the fourteen properties than Feitig was to pay for them. Doggett paid Fry the purchase-money for the properties, and deeds for the same were duly executed and delivered to him. In the summer of 1911 he discovered that Feitig had an interest in the properties thus purchased, and filed this bill to compel the payment of $3,805.25, the sum which he alleges Feitig received out of the purchase-money paid to Fry. There was no relation of agency, tenancy in common, partnership or other community interest between Doggett and Feitig in Doggett's purchase, but the court below found that the plaintiff had shown an actionable wrong perpetrated upon him by the appellee. The bill, however, was dismissed for want of proof showing that the complainant was entitled to recover from Feitig in this proceeding the sum claimed. As to the other two defendants, Gertrude Feitig and Eugenie Hamel, the bill was dismissed because there was no evidence that the money in controversy came into their possession or entered into their property.

The bill of the appellant is for the restoration of that part of the purchase-money for the properties which passed into the hands of Feitig, but he makes no offer of restoration. He affirms his contracts for the purchase of the properties by holding on to such of them as he has not yet sold. His charge against Feitig is fraud, and, if he was injured thereby, he cannot repudiate the transaction, so far as it is injurious to himself, and adopt it so far as it is beneficial. He must either allow it to stand or set it aside in toto: Bispham's Principles of Equity, 355. He makes no offer to return, because he cannot. By reason of his own sale of some of the properties, he cannot reinvest title to them in Feitig. On those which he sold he may have realized a profit, and those which he still retains may be worth more than he paid for them. In affirming his purchases from Fry his

only claim against Feitig is for any actual loss he may have sustained. He proved no loss, and was no more entitled to any relief in equity than he would have a right to recover in an action at law. The whole situation is well summed up by the learned chancellor below in passing upon exceptions and making the final decree.

The trial judge found as a fact, after hearing witnesses, that the appellee had not promised to refund the $3,805.25 to the appellant. This is all that need be said in overruling the third assignment of error. In dismissing the bill no error was committed in imposing the costs upon the complainant who filed it.

Decree affirmed at appellant's costs.